[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-11505

_____

D. C. Docket No. 99-00208-CR-ORL-22-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY GRAZIANO ROMANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 20, 2002)

Before TJOFLAT, RONEY and FAY, Circuit Judges.

TJOFLAT, Circuit Judge:

On October 19, 1999, a Middle District of Florida grand jury returned a two-count indictment against appellant, charging him, in Count One, with possession of a Ruger Mini-14 .223 caliber semi-automatic rifle in September 1998,[1] after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and, in Count Two, with possession of a destructive device on May 11, 1998, that had not been registered to appellant in the National Firearms Registration and Transfer Records, in violation of 26 U.S.C. §§ 5841, 5845(a)(8), (f), 5861(d), and 5871.

On December 16, 1999, pursuant to a plea agreement, appellant pled guilty to the Count One offense, and agreed to pay $400 in restitution to Diane Setordepour. In the agreement, the Government promised not to oppose at sentencing appellant's requests that: (1) the court set the base offense level at level 14, pursuant to United States Sentencing Commission, Guidelines Manual, § 2K2.1(a)(6) (Nov. 1, 1998) (possession of a firearm by a "prohibited person"); (2) that the court adjust the base offense level to level 19 pursuant to U.S.S.G. §§ 2K2.1(b)(1)(A)(offense involving 3-4 firearms), 2K2.1(b)(4) (offense involving a stolen firearm), and 3B1.4 (using a minor to commit a crime); and (3) that the court

---

[1] Such possession began on September 26, 1998 and ended on October 4, 1998, when appellant voluntarily surrendered the semi-automatic rifle firearm (along with two other firearms) to deputies of the Orange County, Florida sheriff's office.

adjust level 19 downward for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that subsequent adverse information did not render such adjustment "unwarranted."

In the Presentence Investigation Report (PSI), the probation officer assigned to the case fixed the base offense level of the Count One offense at 14 and adjusted it upward to level 19, all in conformance with the plea agreement. The PSI, however, made two other adjustments – each providing a two-level increase of the base offense level – which the parties had not contemplated, because they related to the Count Two offense, which would be dismissed at sentencing. The probation officer made these adjustments pursuant to U.S.S.G. § 2K2.1(b)(3), because the "offense" involved a destructive device, and U.S.S.G. § 3C1.1, because appellant had obstructed justice. Since the probation officer gave appellant no credit for acceptance of responsibility, the PSI set the adjusted offense level at level 23. Coupled with a criminal history score of V, the Guidelines prescribed a prison sentence for a term of somewhere between 84 to 105 months.

Appellant interposed several objections to the PSI, among them that the adjusted offense level should not have included the two-level increases provided by sections 2K2.1(b)(3) and 3C1.1, since those increases were based on conduct involved in the Count Two offense, which was to be dismissed. The probation

officer (who prepared the PSI) stated in the Addendum to the PSI that, due to the constraints of time, he had been unable to hold a "position of parties meeting" (for the purpose of discussing appellant's objections). Because he had been unable to hold the meeting, the probation officer, in the Addendum, adhered to the PSI as written, noting that the Government "agreed" with his use of sections 2K2.1(b)(3) and 3C1.1 to enhance the base offense level.

At the sentencing hearing, appellant renewed his objection to the sections 2K2.1(b)(3) and 3C1.1 enhancements, arguing that they related solely to the Count Two offense and, therefore, were irrelevant. The prosecutor acknowledged that, in negotiating the plea agreement, the parties had not contemplated that appellant's base offense level would be enhanced for conduct that related not to Count One, but to Count Two, which was not before the court. The prosecutor nonetheless urged the court to apply the two Guidelines enhancements, and the court did so. In addition, the prosecutor urged the court to depart upwardly from the Guildelines sentence range (recommended in the PSI) on the ground that "a criminal history category of five does not adequately represent the defendant's prior criminal conduct . . . we are suggesting . . . that there is a basis to move up to the next level on a guided departure to a criminal history category of six." After saying this, the prosecutor proceeded to argue at length (in five pages of the sentencing transcript)

4

why the court should depart. The court rejected the prosecutor's request, adopted the factual recitations of the PSI and the Guidelines sentence range it prescribed, and, after affording appellant his right of allocution, sentenced him to a prison term of 105 months and dismissed Count Two of the indictment. Six days after the court imposed sentence, the prosecutor moved the court to order appellant to make the restitution called for in the plea agreement. Twenty-three days later, the court entered the requested restitution order.

In this appeal, appellant contends that the Government breached the plea agreement by urging the court to consider information wholly unrelated to the Count One offense and, based on such information, to enhance the Count One base offense level by a total of four levels pursuant to sections 2K2.1(b)(3) and 3C1.1 of the Guidelines. In response, the Government notes that appellant failed to raise this issue before the district court. The Government is right; hence, we review appellant's contention for plain error. We note plain error if (1) error occurred, (2) the error is plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Candelario, 240 F.3d 1300, 1308-09 (11th Cir.), cert. denied, 533 U.S. 922, 121 S.Ct. 2535, 150 L. Ed. 2d 705 (2001).

The Government properly concedes that appellant was denied the entire

benefit of his plea agreement because it breached the agreement when the prosecutor strongly endorsed the probations officer's recommendation (in the PSI) that the court enhance appellant's base offense level under sections 2K2.1(b)(3) and 3C1.1 of the Guidelines. The breach bore fruit, in the form of error, in that the two sections related to conduct wholly unrelated to the offense to which appellant had plead guilty, possession of a firearm by a convicted felon. The prosecutor knew that the application of those sections would constitute error. What's more, he knew that by urging the court to apply them, he – that is, the Government – was breaching the plea agreement then and there. And, he must have known that because he was an officer of the court, who regularly appeared before the court as an attorney for the United States, the court might be inclined to accept his representations as reliable, as constituting a correct statement of the law, and act accordingly – which, indeed, is exactly what the court did.[2]

---

[2] The prosecutor's final act – in his effort to obtain a sentence far beyond what the parties contemplated when they executed the plea agreement – was to urge the court to depart from the Guidelines sentence range, by increasing appellant's criminal history category from V to VI. United States v. Burns, 501 U.S. 129, 139, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991), teaches that the defendant must be given "reasonable notice" that the court is contemplating an upward departure from the Guidelines sentence range. In United States v. Hunerlach, 258 F.3d 1282, 1287 (11th Cir. 2001), we explained Burns as follows:

"This notice must specifically identify the ground on which the district court is contemplating an upward departure." [Burns, 501

Because the error was "plain," we must ask whether it affected appellant's substantial rights. The sentence range the Guidelines prescribes for an offense level of 23 (the level the court used) and a criminal history category of V is 84 to 105 months. The sentence range prescribed by an offense level of 19 – the level yielded by omitting the section 2K2.1(b)(3) and 3C1.1 enhancements – is 57 to 71 months. We have no difficulty in concluding that the use of the higher sentence range affected appellant's substantial rights. Finally, we ask whether the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. More specifically, the question is whether the prosecutor's conduct produced such affect. We think it obvious that it did.

We therefore vacate the district court's judgment, and remand the case for a

---

U.S.] at 138-39, 111 S.Ct. at 2182. This Court has held that Burns requires that the notice "must affirmatively indicate that an upward departure is appropriate based on a particular ground" and that the defendant must be provided with notice "setting forth the potential ground (or grounds) for the upward departure within a 'reasonable' amount of time prior to the sentencing hearing." United States v. Paslay, 971 F.2d 667, 673-74 n.11 (11th Cir. 1992).

In this case, the court had not provided appellant with notice that it was considering a departure. Thus, had the court bowed to the prosecutor's urging and departed from the prescribed Guidelines sentence range, the court would have committed error that was plain. As noted above, though, the court declined the prosecutor's invitation.

new sentencing hearing.[3]

VACATED and REMANDED, for further proceedings.

---

[3] Appellant challenges the court's untimely entry of the restitution order. Given our disposition, we need not deal with the restitution aspect of the case. The court, on remand, should consider the restitution issue anew. Appellant also contends that he received ineffective assistance at sentencing. His claim is moot; moreover, such claims should be brought in a collateral proceeding under 28 U.S.C. § 2255.