[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14453
Non-Argument Calendar

_____

D.C. Docket No. 04-00015-CR-T-26EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD CRATIS CARTER,
a.k.a. Cratis45,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 22, 2005)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, defendant Richard Cratis Carter appeals his 96-month

sentence for knowingly distributing and attempting to distribute child

pornography, in violation of 18 U.S.C. §§ 2 and 2252A(a)(2). After review, we affirm.

## I. BACKGROUND

On July 23, 2003, Carter sent an e-mail, containing a video attachment, from his computer in Florida to an undercover Federal Bureau of Investigation ("FBI") agent located in New York. The video depicted a prepubescent female engaging in sexual intercourse with an adult male. On three subsequent occasions, Carter sent the undercover FBI agent approximately 12 additional videos, all of which contained similar depictions of prepubescent minors engaging in sexually explicit conduct.

According to the written plea agreement, (1) the government expressly reserved its right to make any recommendation with regard to Carter's sentencing that it deemed appropriate, and (2) Carter had discussed the Sentencing Guidelines with his attorney and understood how they applied to his case. The plea agreement also contained an appeal-waiver provision, in which Carter "expressly waive[d] the right to appeal [his] sentence, directly or collaterally, on any ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines."

2

On the morning of the change-of-plea hearing, Carter's counsel met with the prosecutor to discuss what recommendations would be made with regard to sentencing. At this meeting, Carter's counsel asked the prosecutor if she would "be willing to stand silent" with regard to Carter's request for a low-end sentence, to which the prosecutor responded that, "provided nothing out of the ordinary was found, [she] wouldn't make a recommendation for high end or low end before [the sentencing court]." At the change-of-plea hearing, the magistrate judge recognized that this exchange constituted a "side agreement" between the parties, whereby the government agreed that "it's not going to argue that [Carter] should be sentenced at the top of the guidelines and it's going to be silent . . . about what range within the guidelines [his] sentence should be." The magistrate judge reminded Carter that, notwithstanding this agreement, the government's silence did not prevent the district court from making an independent determination regarding an appropriate sentence. Carter indicated that he understood the terms of the side agreement and acknowledged the district court's authority to impose an appropriate sentence.

The Presentence Investigation Report ("PSI") set Carter's base offense level at 17, pursuant to U.S.S.G. § 2G2.2(a),[1] and recommended the following

---

[1]All citations are to the 2003 version of the Guidelines.

enhancements: (1) two levels, pursuant to § 2G2.2(b)(1) because the offense involved material depicting sexually explicit images of a prepubescent minor; (2) five levels, pursuant to § 2G2.2(b)(2)(B), because Carter "transmitted child pornography in expectation of receiving child pornography in return"; (3) four levels, pursuant to § 2G2.2(b)(3), because "the offense involved material that portray[ed] sadistic or masochistic conduct or other depictions of violence," namely, sexual intercourse between an adult male and a prepubescent female; (4) two levels, pursuant to § 2G2.2(b)(5), because Carter used a computer to distribute the material; and (5) five levels, pursuant to § 2G2.2(b)(6)(D), because the offense involved 600 or more images (approximately 890 images of child pornography). The PSI also recommended a three-level reduction in Carter's offense level, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. Given a total offense level of 32, and a criminal history category of I, Carter's guideline sentencing range was 121 to 151 months.

At sentencing, Carter objected to the PSI, arguing that the sentencing enhancements violated his Fifth and Sixth Amendment rights, as explicated by Blakely v. Washington, 124 S. Ct. 2531 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215 (1999). Carter argued that, under Blakely, it was constitutionally

4

impermissible for the district court to sentence him based on facts that were neither charged in the indictment nor proved to a jury. According to Carter, based solely on the facts contained in the indictment, his total offense level should have been set at 17. Carter also objected to the enhancement for the number of images involved in the offense, arguing that only a two-level enhancement, pursuant to § 2G2.2(b)(6)(A) (at least 10, but fewer than 150 images), was warranted.

At the sentencing hearing, the district court overruled Carter's Sixth Amendment objection, finding that Blakely was inapplicable to the Sentencing Guidelines. The district court, however, sustained Carter's objection to the enhancement for the number of images, finding that only a two-level enhancement was warranted. Accordingly, the district court found that Carter's total offense level was 29, which corresponded to a guideline sentencing range of 87 to 108 months. Carter requested a sentence at the low end of the guideline range. When asked by the district court for her recommendation with regard to sentencing, the prosecutor responded that she "will never make a low-end provision in a plea agreement for these types of cases, but just leave it up to the Court to decide." Additionally, the government noted that the offense to which Carter pled guilty was not an isolated incident. Carter did not object to any of the prosecutor's

comments. Finding that a low-end sentence was not appropriate in this case, the district court sentenced Carter to 96 months' imprisonment.

## II. DISCUSSION

A.     Plea Agreement

On appeal, Carter argues that the government violated the terms of the plea agreement by failing to "stand silent" with respect to his guideline sentencing range. According to Carter, the parties orally amended the terms of the plea agreement at the change-of-plea hearing, where the government agreed "to stay silent as to the point within the guideline range at which the defendant should be sentenced." Carter argues that the prosecutor violated this agreement "by clearly telling the court that a low end sentence would never be appropriate in a case involving child pornography." Moreover, Carter argues, this breach constituted plain error and affected his substantial rights because "there was ample support in the record for a sentence at the low end of the guideline range."

Because Carter failed to object to the prosecutor's comments before the district court, we review for plain error. See United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). Plain error exists where: "(1) error occurred, and (2) the error is plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id.

6

In order to prove that a particular error affected his substantial rights, the appellant must demonstrate a reasonable probability that the result would have been different, but for the alleged error. United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005), petition for cert. filed, (U.S. Feb. 23, 2005) (No. 04-1148). "[W]here the effect of an error on the result in the district court is uncertain or indeterminate . . . the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." Id. at 1301.

Even assuming that the prosecutor's comments were in breach of the "side agreement," Carter has failed to demonstrate a reasonable probability that his sentence would have been different absent the prosecutor's comments. In this case, the district court gave no indication that its decision to sentence Carter to 96 months' imprisonment was in any way influenced by the prosecutor's statements. Carter has not carried his heavy burden under plain-error review.

B.    Booker

On appeal, Carter also argues that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005). However, Carter waived the right to appeal this issue.

"[T]he right to appeal a sentence based on [Blakely/Booker] grounds can be waived in a plea agreement," and "[b]road waiver language covers those grounds

7

of appeal." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). In Rubbo, this Court concluded that, absent any indication that the parties to a plea agreement intended to alter the ordinary meaning of the term "statutory maximum," the appeal-waiver exception for "a sentence above the statutory maximum" does not apply to an argument based on the Blakely/Booker. Rubbo, 396 F.3d at 1334-35. More recently, this Court determined that the appeal-waiver exception for "a sentence in violation of the law apart from the sentencing guidelines" likewise does not permit a defendant to raise a Blakely/Booker issue on appeal. United States v. Grinard-Henry, 399 F.3d 1294, 1296-97 (11th Cir. 2005), cert. denied, 75 U.S.L.W. 3672 (U.S. May 16, 2005) (No. 04-9566).

We conclude that Carter's sentence-appeal waiver is enforceable because, during the change-of-plea hearing, the magistrate judge specifically questioned Carter about the waiver, and Carter indicated that he fully understood its significance. See United States v. Bushert, 997 F.2d 1343, 1352-53 (11th Cir. 1993). Additionally, none of the enumerated exceptions to the sentence-appeal waiver applies to permit Carter to raise his Blakely/Booker argument on appeal.

**AFFIRMED.**