[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 12, 2006
THOMAS K. KAHN
CLERK

No. 05-17047
Non-Argument Calendar
_____

D. C. Docket No. 05-00004-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN LAMAR WILLIAMS,
a.k.a. Marvin Lamar Williams, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 12, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Marvin Lamar Williams appeals his sentence following his guilty plea to

being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Williams argues that the government breached the plea agreement by grudgingly recommending a sentence of 36 months pursuant to the plea agreement, yet volunteering to the district court a series of harsh characterizations of Williams' crime and his prior criminal history. The government makes three arguments in response: (1) that Williams made a knowing and voluntary waiver of his right to appeal any issue except an upward departure from the applicable guidelines range, and therefore this Court should not consider his appeal; (2) Williams violated the plea agreement first, rendering the government's alleged breach a nullity; and (3) the government did not breach the plea agreement, and even if it did, the error was not plain. Because the government's first argument raises a threshold question, we address it before turning to the merits of Williams' claim.

## I.

Whether a defendant effectively waived his right to appeal his sentence is a question of law that we review de novo. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). We have held that a plea agreement is "in essence, a contract." United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999). Accordingly, even where an agreement explicitly lists exclusive grounds for appeal

2

and the defendant waives all others, he does not implicitly waive the right to appeal a breach of the terms of the plea agreement.  Copeland, 381 F.3d at 1105.  Any claim to the contrary is "quite meritless."  Id.  The reason for this is obvious: there would be no point in entering into a contract if the other party could violate its terms with impunity.  See id.

We reject the government's argument that Williams waived his right to appeal a breach of the plea agreement.  Williams did waive his right to appeal his sentence except on the ground of upward departure from the otherwise applicable sentencing guideline range.  In doing so, however, Williams did not implicitly waive the right to appeal a breach of the plea agreement.  See Copeland, 381 F.3d at 1105.

## II.

Having rejected the government's threshold argument, we turn now to the issue itself.  Williams contends that he reasonably understood from the plea agreement that the government would not advocate either directly or indirectly a sentence above 36 months.   He argues that the government breached the plea agreement by emphasizing the dangerous nature of his past and current criminal history in response to an open-ended question by the district court. We ordinarily review de novo whether the government breached a plea agreement, United States

3

v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998), but where, as here, the defendant did not object at sentencing we review only for plain error, United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).

A reversal under plain error review requires (1) error (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id. For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). The party seeking to establish plain error has the burden of persuasion as to prejudice. See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005), cert. denied, 125 S. Ct. 2935 (2005).

When addressing the prejudice prong of plain error review in the context of a sentence imposed after the breach of a plea agreement, we have found plain error where the breach resulted in the court sentencing under a higher guidelines range. Romano, 314 F.3d at 1281–82. Conversely, we have refused to find plain error where the defendant did not preserve an objection and there was no effect on the defendant's sentence. United States v. Forney, 9 F.3d 1492, 1503–04 (11th Cir. 1993).

4

Although the government breached the plea agreement, Williams' claim fails because he cannot establish prejudice under the third prong of the plain error test. Williams has not shown that the government's remarks, which were based on information already in the record, had a negative effect on his sentence. In rejecting the 36-month sentence the government had agreed to recommend, the court expressed surprise it had done so and said: "I just don't feel compelled to agree with the government's recommendation." The court made detailed findings regarding the nature of Williams' current and past convictions, explaining: "I don't take it at all lightly, and I'm surprised that the government does." Williams has not met his burden to show prejudice, and on that basis we affirm the sentence.

**AFFIRMED.**