[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

No. 05-16415
Non-Argument Calendar
_____

D. C. Docket No. 05-20363-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIGIO PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 7, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Eligio Perez appeals his conviction and 7-month sentence for unlawful disclosure of confidential information, in violation of 18 U.S.C. § 1905. Perez filed a notice of appeal from his judgment and sentence on November 15, 2005. Several weeks later, on December 5, 2005, Perez filed a motion to vacate his plea and sentence pursuant to Fed. R. Crim. P. 11. He argued, *inter alia*, that the government breached the plea agreement at sentencing by not opposing the presentence investigation report's ("PSI") recommended sentencing enhancement for abuse of trust (which was ultimately applied), and by disclosing to the district court a cooperating witness's position regarding the charge filed against Perez and the sentence recommended by the plea agreement. On December 8, 2005, the district court denied the motion to vacate for lack of jurisdiction because it was filed after Perez's notice of appeal.

On appeal, Perez contends that the district court erred in failing to grant his motion to vacate his plea and sentence. More specifically, he claims that the government breached the parties' plea agreement at sentencing by not opposing the enhancement for abuse of a position of trust, and by disclosing the cooperating witness's position on Perez's offense and plea agreement to the district court. In response, the government argues that we lack jurisdiction to hear this appeal, because Perez did not file a notice of appeal from the district court's order denying

2

his motion to vacate, or move to amend his earlier notice of appeal to include that order.

We review questions regarding our subject matter jurisdiction de novo. *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005) (per curiam), *cert. denied*, __ U.S. __, 126 S. Ct. 1116, 163 L. Ed. 2d 924 (2006). Where an appellant notices the appeal of a specified judgment only, a court "has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1079-80 (11th Cir. 2003) (quotations and citations omitted); *see also* Fed. R. App. P. 3(c)(1)(B). Generally, a notice of appeal does not include orders that have not been entered at the time when the notice of appeal is filed. *Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). Here, Perez filed his notice of appeal from the district court's judgment and sentence weeks before he moved to vacate his guilty plea and sentence, and he offers no reason as to why his earlier notice of appeal, even when liberally construed, can be said to encompass the district court's denial of his motion to vacate.[1] We therefore lack jurisdiction to review, in the course of

---

[1] We have acknowledged that in *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 617-18 (9th Cir. 1993), the Ninth Circuit held that a prior notice of appeal encompassed a subsequent district court order granting attorney's fees because the appellant's opening brief, which had been filed within 30 days of the final order on attorney's fees, essentially satisfied the

the instant appeal, the district court's order denying Perez's motion to vacate.

To the extent that Perez raises a direct challenge on appeal regarding whether the government breached the plea agreement, our review is for plain error because Perez did not raise that objection at sentencing (i.e., he did not claim that the government had breached the plea agreement). *See United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam) (ruling that where the district court affords the defendant an opportunity to object after the imposition of sentence and the defendant does not do so, "any objections to the sentence are barred absent manifest injustice," and that inquiry is equivalent to "review for plain error").[2] We ask whether "(1) error occurred, and (2) the error is plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). For an error to affect substantial rights, the error generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct.

---

requirements of Fed. R. App. P. 3. *See LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837-38 (11th Cir. 1998). Perez's opening brief, however, was not filed within 10 days of entry of the district court's order denying the motion to vacate. *See* Fed. R. App. P. 4(b)(1)(A).

[2] Perez asserted that the sentence was unreasonable in light of the factors reviewed by the district court, and in light of the fact that the sentence exceeded the recommendation in the parties' plea agreement, but Perez did not claim that the government had breached the plea agreement.

1770, 1778, 123 L. Ed. 2d 508 (1993). The defendant bears the burden of establishing prejudice. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005).

Here, Perez has not established that his substantial rights were affected by (1) the government's reference to the abuse of trust enhancement as "fair," which was immediately followed by the government's caveat that it "did not anticipate" that enhancement and was "bound" by the plea agreement, which recommended no offense role enhancement; or (2) a special agent's testimony–in response to queries by the district court–that the cooperating witness (against Perez) felt that Perez's anticipated sentence "should have been considerably higher" and the charges against him "more stringent than what they are." At the time the government commented on the abuse of trust enhancement, the district court had already calculated the total offense level and applicable Guidelines range, without any objection by Perez.[3] Furthermore, the district court made it clear that, in light of the facts set forth in the PSI–to which Perez did not object at sentencing–and the factors set forth in 18 U.S.C. § 3553(a), it would not "go along" with the parties' proposed sentence of 2 months' home confinement. In particular, the district court

---

[3] Perez asserts that the government should have objected to the district court's application of the abuse of trust enhancement based on the plea agreement, but this is unpersuasive in light of the fact that Perez himself did not object to the Guidelines calculation.

5

commented that "it is egregious to use your official authority and to disclose confidential information in this day and age after 911," and that "[t]he need for the sentence imposed to reflect the seriousness of the offense, it has to be more than house arrest because the offense was much too serious for that." Ultimately the court determined that, notwithstanding "all of the positive factors" emphasized by Perez's attorney, "this is not the type of case to go below the guidelines [range of 4-10 months]. . . . I cannot go along with that." Thus, Perez has not demonstrated plain error, and we affirm his conviction and sentence.

**AFFIRMED.**