[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11635
Non-Argument Calendar

_____

D. C. Docket No. 05-60179-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHIMADO INGRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 2, 2007)**

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Shimado Ingraham appeals his 180-month sentence for conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Without taking a position on the appropriate standard of review, Ingraham argues that the government breached the plea agreement because the government promised not to seek additional Guideline enhancements, but advanced an incompatible position at sentencing when it endorsed the Guideline enhancements applied in the presentence investigation report ("PSI"). The government contends that review is for plain error because Ingraham did not object on this ground before the district court. For the reasons set forth more fully below, we affirm.

Ingraham's conviction was based upon a conspiracy in which Ingraham, Sidney Fertil, and Kevoi Prince met with an undercover agent posing as a disgruntled drug courier, and planned to rob a stash house utilized by a Colombian narcotics organization. In the plea agreement, Ingraham acknowledged that the court would compute a sentence under the Guidelines and determine the applicable Guidelines by relying, in part, on the probation office's presentence investigation. The plea agreement also contained a provision in which the government agreed that it "[would] not seek additional guideline enhancements in this matter." At the change-of-plea hearing, the district court reviewed this provision, explaining that,

"[i]n other words, the government is not going to try to increase your sentence in any way, except for the amount of drugs that it's going to try to prove or allege against . . . you that was the subject of the . . . conspiracy." When preparing the PSI, the probation officer calculated an advisory Guideline range of 210 to 262 months' imprisonment, applying 2 enhancements to Ingraham's base offense level: (1) a 2-level increase, pursuant to U.S.S.G. § 2D1.1(b)(1), because Ingraham possessed a firearm during the offense; and (2) a 4-level increase pursuant to § 3B1.5(1) & (2)(B), because Ingraham was convicted of a drug-trafficking crime and used body armor in preparation for the offense.

As sentencing, Ingraham sought a sentence below the guideline range and at the 120-month mandatory minimum under the 18 U.S.C. § 3553(a) factors. As part of this argument, Ingraham stated:

> [T]here is an agreement with the government that the government would not seek any other enhancements to the Guideline range, the base Guideline range.
> Basically, there is a six-level total enhancement, which is the four levels for the bulletproof vest and two levels for the gun. Those two levels really boost up the score on the Guidelines for the defendant.
> We did negotiate that prior to the plea. We had several discussions about what the Guidelines score would be and what the defendant would be subject to, based on the Guidelines and other factors. In the negotiations, the government provided me with a letter stating that they would not seek specifically the four-level enhancement for the bulletproof vest under 3B1.5, if the defendant did plead guilty within a certain period of time. And he did that. And in

3

the plea agreement, the government did also agree not to seek any other enhancements.

Taking into consideration the Guidelines themselves, if we were to go by what the government agreed to, in terms of the point system, if you remove those six points from the total Guidelines score, he would be at a level 29 [and] . . . at 108 [months], at the bottom of the Guidelines, to 135 [months]. Of course, still subject to the ten-year minimum mandatory . . . .

Ingraham then contended that, taking into account these factors, the dismissal of a firearm-possession charge in the indictment in order to provide a more appropriate sentence, and the § 3553(a) factors, he should receive the mandatory minimum sentence. The government responded:

Your Honor, we believe our position is adequately set out in the provisions of the plea agreement, and we stand behind that agreement.

I don't think it violates that agreement, your Honor, to say that we don't believe that what probation has come up with overstates the defendant's culpability or his exposure at this point. And we would simply stand on our position in the plea agreement.

The district court concluded that the PSI properly applied the Guideline enhancements, but imposed a downward variance from the Guidelines under the § 3553(a) factors to reach a 180-month sentence.

We review de novo the issue of whether the government breached a plea agreement. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). However, where this issue is raised for the first time on appeal, our review is for

plain error. See United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).

As to the appropriate standard of review in this case, Ingraham did not object to the government's comments as breaching the plea agreement, either after the comments were made or when given an opportunity to object after the sentence was imposed. In the context in which the plea agreement was raised, Ingraham was using the government's obligation under the agreement as evidence in support of his position that a 120-month sentence was reasonable. He was not asserting that the government breached the agreement. Accordingly, we review Ingraham's breach-of-plea-agreement claim for plain error. See United States v. Hoffer, 129 F.3d 1196, 1202 (11th Cir. 1997) ("To preserve an issue for appeal, an objection must be sufficiently detailed to allow the trial court an opportunity to correct any arguable errors before an appeal is taken."); see also United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006) ("The defendant also fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory.").

"We note plain error if (1) error occurred, and (2) the error is plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Romano, 314 F.3d at 1281. For an error to affect substantial rights, "in most cases it means that the

5

error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). The party seeking to establish plain error has the burden of persuasion as to prejudice. See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005). To establish prejudice, the defendant must show a reasonable probability of a different result. Id.

We note that the government's comment that it did not "believe that what probation has come up with overstates the defendant's culpability or his exposure at this point" is susceptible to two interpretations, either that the Guideline range in the PSI would be an appropriate sentence under the § 3553(a) factors, or that the PSI's calculation of Ingraham's Guideline range with the enhancements was appropriate. However, even if we were to find that the government's comment breached the plea agreement and that such an error was plain, Ingraham cannot meet the third prong of the plain error test because he cannot show prejudice.

As an initial matter, we reject Ingraham's contention that, because it is irrelevant whether a breach influenced the sentencing judge, he need not show that the breach caused prejudice in the form of an increased sentence. In Santobello v. New York, 404 U.S. 257, 262-63, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), the Supreme Court remanded a case due to the government's breach of the plea

6

agreement without considering whether the sentencing judge was influenced. However, in <u>Santobello</u> a timely objection was raised in response to the government's statement. <u>See id.</u> at 259, 92 S.Ct. at 497. Furthermore, we have not relied upon the breach of the plea agreement alone to satisfy the third prong of the plain error standard. <u>See</u> <u>Romano</u>, 314 F.3d at 1282 ("We have no difficulty in concluding that the use of the higher sentence range affected appellant's substantial rights."); <u>United States v. Thayer</u>, 204 F.3d 1352, 1356 (11th Cir. 2000) (holding that "the breach of the plea agreement does not rise to the level of unjustly affecting a substantial right of the defendant" where the defendant "never argue[d] that the sentence imposed [was] unfair, rather she argue[d] that she would be released sooner but for the sentence.").

As noted above, we concluded in <u>Romano</u> that the defendant's substantial rights were affected where the breach resulted in a higher sentencing range under the Guidelines. <u>Romano</u>, 314 F.3d at 1281-82. Similar to <u>Romano</u>, but for the 6-level increase to Ingraham's base offense level from the PSI's enhancements, Ingraham's advisory Guideline range would have been 120 to 135 months' imprisonment (due to the statutory minimum 120-month term of imprisonment) and not 210 to 262 months' imprisonment. However, we conclude that this case is factually distinguishable from <u>Romano</u>.

Romano was decided in 2002, when the Guidelines were still mandatory. See United States v. Booker, 543 U.S. 220, 245-46, 125 S.Ct. 738, 756-57, 160 L.Ed.2d 621 (2005) (excising statutory provisions to make the Guidelines "effectively advisory"). In this case, the Guidelines were advisory and the district court imposed a variance from the 210-to-262-month Guideline range when it sentenced Ingraham to 180 months' imprisonment. This variance was still above the 120-to-135-month Guideline range that would have been applicable had the enhancements not been included. In addition, before imposing the sentence, the court stated that it would take the Guidelines into account. Nevertheless, when imposing the 180-month sentence, the court specifically addressed Ingraham's sentence in relation to his 2 co-conspirators. Specifically, the district court set Ingraham's sentence a year below Fertil's sentence. Even though the court found that Ingraham and Prince generally were equally culpable in this offense, the court decided to sentence Ingraham to a sentence one year longer than Prince's to take account of Ingraham's numerous prior convictions. The court then commented, "I don't think any lower sentence is appropriate under Section 3553(a), given the nature of the scheme, [and] the fact that these individuals were prepared with body armor and guns to do violence, if it was necessary, to take the cocaine . . . ." Based on the district court's desire to treat Ingraham more harshly than Prince due to

Ingraham's prior convictions and the district court's comment that a lower sentence was not appropriate, we are unable to conclude that Ingraham could meet his burden to establish prejudice.

In light of the foregoing, even if we were to conclude that Ingraham satisfied the first two prongs of the plain error standard, based on the district court's comments at sentencing, Ingraham has failed to establish that the error affected his substantial rights.

**AFFIRMED.**