[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14087
Non-Argument Calendar

_____

D. C. Docket No. 07-00037-CR-ORL-22-UAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WOODY DANIEL FRANKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 29, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Woody Daniel Franklin appeals his 100-month sentence imposed following his guilty plea to possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Franklin asserts the Government breached his plea agreement by falsely informing the district court that Franklin had videotaped himself having sex with an underage girl, and that this error was plain. Franklin contends the provision in the plea agreement whereby the Government reserved the right to present to the district court factual information about Franklin and his criminal activities implicitly required the Government only to present truthful information about Franklin.

We review *de novo* whether the government breached a plea agreement. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998). However, where, as here, there was no contemporaneous objection in the district court, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Under plain error review, we may recognize an error where there is (1) an error, (2) that is plain, (3) that affects a defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. A defendant's substantial rights are affected if the error affected the outcome of the proceedings; that is, where there is a reasonable probability of a different result, such a probability being one sufficient to undermine confidence in the

2

outcome. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). The defendant has the burden of showing his substantial rights were affected. *Id.*

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). "Furthermore, whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." *Id.* (quotation omitted). Where the government breaches a plea agreement, we have the discretion to choose between two remedies: (1) "leave the guilty plea intact and remand the case for resentencing before a different judge;" or (2) permit the defendant to withdraw the guilty plea. *Id.* at 371-72.

Even if the Government breached the plea agreement, there was no plain error because Franklin cannot show that his substantial rights were affected. Although he did not argue before the district court that his plea agreement had been breached, Franklin did bring the Government's factual error to the district court's attention after sentencing, and the district court stated it would have imposed the same sentence regardless. Under these circumstances, Franklin cannot show there

is any probability, but for the error, a different sentence would have been imposed. *See Rodriguez*, 398 F.3d at 1299.[1]  Thus, we affirm Franklin's sentence.

**AFFIRMED.**

---

[1]  Franklin's argument that it is irrelevant whether the district court was affected by a breach in inapplicable here.  Although the Supreme Court and this Court have indicated that even a district court's statement that it did not consider information or arguments improperly presented by the government will not rectify the breach of a plea agreement, *see e.g. Santobello v. New York*, 92 S. Ct. 495, 499 (1971); *United States v. Tobon-Hernandez*, 845 F.2d 277, 280 (11th Cir. 1988), these cases were not on plain error review.  While a district court's non-consideration of improper information or argument may not rectify a breach, the prejudice prong of the plain error test is still applicable.  *See United States v. Thayer*, 204 F.3d 1352, 1356 (11th Cir. 2000) (applying substantial rights prong of the plain error test to breach of plea agreement claim).

4