[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11440
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00020-CR-01-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERONIMO ENRIQUE GASTELUM, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 17, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Geronimo Enrique Gastelum, Jr. appeals his convictions, following a guilty plea, for conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, pursuant to 21 U.S.C. § 841 (b)(1)(A)(vii), and money laundering, pursuant to 18 U.S.C. § 1956(a)(1). On appeal, Gastelum argues that the

government breached the plea agreement by arguing in favor of a two-level increase for money laundering under § 2S1.1(b)(2)(B). After thorough review, we affirm.

Whether the government breached a plea agreement is a legal question that we review de novo. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008), cert. denied, 129 S.Ct. 1668 (2009). However, if the defendant did not raise the issue before the district court, we apply a plain error standard of review. Id. In this case, Gastelum did not object to the government's conduct during the sentencing hearing. Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). The defendant has the burden of persuasion as to prejudice. United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).

We use an objective standard in interpreting plea agreements. In re Arnett, 804 F.2d 1200, 1202 (11th Cir. 1986). We will not accept any "hyper-technical" or "rigidly literal" interpretations of a plea agreement. Id. at 1203. The government must carry out the promises that it makes in the agreement. Santobello v. New York, 404 U.S. 257, 262 (1971).

In the plea agreement, Gastelum and the government agreed that the government would dismiss the other counts, and the government would recommend an adjustment for acceptance of responsibility. With regard to sentencing recommendations, the parties agreed that: (1) the applicable offense guideline was § 2D1.1; (2) the criminal activity undertaken by Gastelum and others, acting in concert, foreseeably involved 9,007 kilograms of marijuana; (3) because a dangerous weapon was involved, a two-level enhancement would apply pursuant to § 2D1.1(b)(1); and (4) a two-level enhancement based upon Gastelum's participation in the conspiracy would apply pursuant to § 3B1.1. The plea agreement also contained a clause which provided that "[t]here are no other agreements, promises, representations, or understandings between the Defendant and the Government." However, the plea agreement contained no language which prohibited the government from arguing that the enhancement found in § 2S1.1(b)(2)(B) for the money laundering conviction should apply. Because the government's conduct at the sentencing hearing was consistent with its obligations under the plea agreement, the government did not breach the plea agreement and there is no error, much less plain error. Santobello, 404 U.S. at 262.[1]

**AFFIRMED**.

---

[1] Accordingly, the motion of the United States to supplement the record on appeal is DENIED.