[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13322
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80154-KLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFF VALENCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2012)

Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

Jeff Valencia appeals his 87-month sentence imposed after he pleaded guilty

to attempted possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(b)(1). On appeal, he argues that: (1) the government breached the plea agreement when it failed to seek his assistance and file a substantial assistance motion; (2) based on that breach, he did not knowingly and voluntarily waive his right to appeal his sentence; and (3) his sentence was unreasonable. For the reasons set forth below, we affirm as to his argument that the government breached the plea agreement and dismiss the appeal of his sentence.

## I.

Valencia was indicted for conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1); and attempted possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2).

Valencia agreed to plead guilty to Count 2 pursuant to a written plea agreement. Valencia agreed that the statutory maximum sentence was 20 years' imprisonment. He further agreed to fully cooperate with the government by: (1) providing truthful information when requested by the government, (2) appearing at judicial proceedings as requested by the government, and (3) working in an undercover position, if requested to do so by the government. If the government found Valencia's cooperation warranted a downward departure,

2

the government could file a substantial assistance motion. Valencia agreed that nothing in the plea agreement required the government to file a substantial assistance motion and that the government's decision as to whether such a motion was warranted was binding. Valencia and the government agreed to "jointly recommend" that the court sentence Valencia to 87 months' imprisonment.

The plea agreement also contained an appeal waiver, under which Valencia waived his right to appeal his sentence or the manner in which the court imposed his sentence. Valencia could, however, appeal his sentence if it exceeded the statutory maximum sentence or if the court imposed an upward departure from the guideline range determined at sentencing. Valencia would be released from the appeal waiver if the government appealed his sentence. The government, Valencia, and Valencia's attorney signed the plea agreement.

At his change of plea hearing, the court addressed the appeal waiver, asking Valencia if he understood that he was "giving up most of [his] appellate rights" and that he could only appeal if the government filed an appeal or if the court imposed an upward departure. Valencia testified that he understood this provision of his plea agreement. Valencia pleaded guilty, and the court accepted his plea, finding that it was knowing, voluntary, and supported by a sufficient factual basis.

At his sentencing hearing, Valencia argued, through counsel, that he had

tried to cooperate with the government, but that the government's case agent had failed to meet with him often enough for Valencia to provide substantial assistance. Counsel noted that Valencia had pleaded guilty in part because he believed that he had a good chance of receiving a downward departure for providing substantial assistance. The court noted that it could not tell the executive branch to meet with Valencia. The government argued that the plea agreement did not guarantee Valencia the benefit of a substantial assistance motion. The case agent had met with Valencia several times, but the government decided not to use Valencia in an undercover capacity, in part, because of his criminal history. The court stated that it would impose a sentence at the high end of the guideline range to which the government had agreed. It thus sentenced Valencia to 87 months' imprisonment.

## II.

We generally review *de novo* the question of whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). However, where a defendant fails to object to an alleged breach before the district court, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Plain error exists where (1) there is an error, (2) that is plain, (3) that affected the defendant's substantial rights, and (4) that

"seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

A defendant may appeal his sentence based on an alleged plea agreement breach even if the plea agreement contains a sentence appeal waiver. *See Copeland*, 381 F.3d at 1105. The first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises." *Id.* In so doing, we apply an objective standard to determine "whether the government's actions [were] inconsistent with what the defendant reasonably understood when" he pleaded guilty. *Id.* (quotation omitted). Where a plea agreement is unambiguous, we will not consider extrinsic evidence of the agreement's meaning. *Id.* at 1105-06. Moreover, an ambiguous agreement "must be read against the government." *Id.* (quotation omitted).

Valencia concedes on appeal that plain-error review applies because he did not argue before the district court that the government breached the plea agreement. There has been no error, plain or otherwise, because the government did not breach the plea agreement.[1] The plea agreement unambiguously stated that

---

[1] Valencia also argues, in passing, that his guilty plea was involuntary because of the government's alleged breach. He has abandoned this argument. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that the appellant had abandoned an argument by making only four passing references to the argument).

Valencia agreed to cooperate with the government by providing information, appearing at judicial proceedings, or working in an undercover position, if requested to do so by the government. The agreement also unambiguously stated that it was within the government's discretion to determine whether to file a substantial assistance motion, the government was not required to file such a motion, and the government's decision on the matter was binding. Because this language is unambiguous, we need not consider extrinsic evidence of the agreement's meaning or read the agreement against the government. *See Copeland*, 381 F.3d at 1105-06. Accordingly, the government did not breach the plea agreement in failing to seek Valencia's assistance and file a substantial assistance motion. We thus affirm as to Valencia's argument that the government breached the plea agreement.

## III.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) "the district court specifically questioned the defendant" about the waiver during the plea

colloquy, or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Id.*

Valencia knowingly and voluntarily waived his right to appeal his sentence. During the plea colloquy, the court specifically questioned Valencia about the sentence appeal waiver and explained that Valencia could only appeal his sentence if the government appealed his sentence or if the court imposed an upward departure. Valencia testified that he understood the appeal waiver and its exceptions. Therefore, the sentence appeal waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351. Valencia may not, therefore, appeal his sentence unless an exception applies. No exception applies here because: (1) his 87-month sentence does not exceed the statutory maximum sentence of 20 years' (240 months') imprisonment, and (2) the district court did not apply an upward departure. Additionally, Valencia is not released from the appeal waiver because the government did not appeal his sentence. Therefore, Valencia knowingly and voluntarily waived his right to appeal his sentence, and we dismiss the appeal of his sentence.

For the foregoing reasons, we affirm as to Valencia's argument that the government breached the plea agreement and dismiss the appeal of his sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**

7