[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 12-10181; 12-11083
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00240-TCB-GGB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH ANTHONY JACKSON,

Defendant - Appellant.


_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(April 5, 2013)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Keith Jackson appeals his 61-month sentence after pleading guilty to wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On appeal, Jackson argues that the government breached the plea agreement by arguing for a three-level victim enhancement.  He also argues that his presentence investigation report (PSI) should be amended because it contains inaccurate information.  Finally, Jackson appeals the district court's denial of his pro se post-sentencing motion alleging bias on the part of the district judge.[1]

The government responded to Jackson's appeal by filing a motion to dismiss based on an appeal waiver that was included in Jackson's plea agreement.  The government does not oppose Jackson's request to amend the PSI.  For the reasons that follow, we affirm the district court's sentence, but remand to correct the PSI's inaccuracies.

"We review the validity of a sentence appeal waiver de novo."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  Where a defendant fails to raise an alleged breach of a plea agreement before the district court, we review the alleged breach for plain error only.  *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002).  Plain error occurs if "(1) error occurred, and (2) the error is

---

[1] The appeal from the denial of Jackson's motion alleging bias is Case No. 12-11803 and has been consolidated with Jackson's appeal from his sentence, Case No. 12-10181.

plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 1281.

A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must either show that district court specifically questioned the defendant about the waiver during the plea colloquy, or that the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

At a hearing in December 2012, Jackson expressly agreed to modify his plea agreement to allow the government to argue in favor of a victim enhancement in exchange for his ability to argue for a downward departure. This agreement, along with Jackson's understanding of his appeal waiver, is memorialized in the record. The district court applied the three-level victim enhancement in addition to the Guidelines calculations proposed in the plea agreement and an additional one-level reduction for acceptance of his responsibility, yielding a total offense level of 13. Jackson's Guidelines range was 30 to 37 months for wire fraud, to run consecutively with a mandatory 2-year sentence for aggravated identity theft. The district court imposed a sentence at the high end of the Guidelines range, for a total of 61 months' imprisonment. The district court also stated on the record that even

3

if the victim enhancement had not applied, Jackson's sentence would still have been 61 months.

Jackson's contention that the government breached the plea agreement is not supported by the record. The record demonstrates that he knowingly and voluntarily waived his right to appeal his sentence, and that no exception to this general rule applies. *See Bushert*, 997 F.2d at 1351. Moreover, the transcript from the sentencing hearing shows that Jackson wanted to modify the plea agreement to allow his attorney to argue for a downward departure. In exchange for this, he allowed the government to argue for the victim enhancement. He must live with the consequences of that decision.

Jackson's allegation that the district court was biased and should have been recused is similarly without merit. On appeal, the test for determining whether a judge should recuse himself is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would have significant doubts about the judge's impartiality. *See United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989). Although Jackson alleges that the district judge made inappropriate comments about him, there is nothing in the record to support this assertion. In short, Jackson presents no evidence calling into doubt the district judge's impartiality. The district court did not err in denying Jackson's motion for recusal.

4

We do find merit, however, in Jackson's argument that his PSI should be amended.  As noted earlier, the United States does not oppose a modification to Jackson's PSI.  The item about which Jackson complains had no impact on Jackson's Guidelines calculation.  Therefore, we will remand to the district court for the limited purpose of amending the PSI.

We grant the government's motion to dismiss Jackson's appeal of his sentence.  We also affirm the district court's denial of Jackson's motion for recusal.  We remand for the limited purpose of amending Jackson's PSI.

**AFFIRMED**.