[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10933
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80179-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO CEDILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 5, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Ernesto Cedillo appeals his sentence of 33 months' imprisonment and 30

years' supervised release, imposed after pleading guilty to failure to register under

the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a).  For the reasons set forth below, we affirm Cedillo's sentence.

## I.

Pursuant to a written plea agreement, Cedillo agreed to plead guilty to failure to register under SORNA.  The plea agreement stated that "[Cedillo] understands and acknowledges that the Court may impose a maximum penalty of up to 10 years imprisonment.  In addition to any term of imprisonment, the Court may impose a term of supervised release of up to 3 years."[1]  The plea agreement further provided that, "[s]ubject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, [the government] further reserves the right to make any recommendation as to the quality and quantity of punishment."

At Cedillo's plea hearing, the district court reiterated the penalties set forth in Cedillo's plea agreement, explaining that, if it accepted Cedillo's plea, it could impose a maximum penalty of ten years' imprisonment and three years' supervised release.  Cedillo confirmed that he understood the maximum penalties.  Cedillo pled guilty, and the court found that his plea was entered knowingly and voluntarily.  Thus, the court accepted his plea.

---

[1] The plea agreement and the district court at the plea hearing misadvised Cedillo that three years was the maximum term of supervised release that could be imposed for a violation of § 2250, which actually has a five-year mandatory minimum term of supervised release and a maximum term of life.  *See* 18 U.S.C. § 3583(k).

2

At sentencing, the government requested that the court impose a sentence of 33 months' imprisonment and 30 years' supervised release.  The government asserted that the mandatory minimum term of supervised release was five years and the maximum term was life.  After considering the statements of all of the parties, the presentence investigation report, and the statutory factors, the court sentenced Cedillo to 33 months' imprisonment and 30 years' supervised release.

## II.

On appeal, Cedillo argues that the government breached his plea agreement when it requested that the district court impose a 30-year term of supervised release after agreeing that the term of supervised release would be no more than 3 years.  The government, by stating in the plea agreement that three years' supervised release was the maximum term of supervised release that the district court could impose, implicitly promised that the government would not seek a term of supervised release greater than three years.  Cedillo concedes that our review of his argument is for plain error, and argues that he can satisfy all four requirements necessary to warrant reversal under that standard.  Cedillo further asserts that his case should be remanded for resentencing and that he is entitled to specific performance of his plea agreement.[2]

---

[2]  Cedillo does not argue on appeal that the district court's error rendered his plea unknowing.  Thus, we do not address this issue.

3

We generally review *de novo* the question of whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). However, where a defendant fails to object to an alleged breach before the district court, as is the case here, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Plain error exists where (1) there is an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

The first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises." *Copeland*, 381 F.3d at 1105. In interpreting a plea agreement, a court should not engage in a "hyper-technical reading of the written agreement" or "a rigidly literal approach in the construction of the language." *Id.* (quotations omitted). A plea agreement that is ambiguous "must be read against the government." *Id.* at 1105-06 (quotation omitted). We apply an objective standard to determine "whether the government's actions [were] inconsistent with what the defendant reasonably understood" when he pleaded guilty. *Id.* at 1105 (quotation omitted). The government breaches a plea agreement where it promises to make a particular sentencing recommendation and then advocates a position incompatible with the fulfillment of that promise. *United States v. Taylor*, 77 F.3d 368, 370-71 (11th Cir. 1996).

Here, it is undisputed that the plea agreement misstated the applicable statutory maximum sentence of supervised release for Cedillo's SORNA violation, as the agreement provides that the district court "may impose a term of supervised release of up to 3 years." *See* 18 U.S.C. § 3583(k) (providing that a violation of § 2250 has a five-year mandatory minimum term of supervised release and a maximum term of life). This paragraph of the plea agreement referencing a statutory maximum sentence of three years' supervised release was a mistake of fact and not a promise by the government. Cedillo, moreover, concedes on appeal that the government did not expressly agree to recommend a three-year term of supervised release. Rather, his argument on appeal is that the government implicitly agreed to make such a recommendation. However, Cedillo's plea agreement provided that, "[s]ubject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, [the government] further reserves the right to make any recommendation as to the quality and quantity of punishment." The only express recommendation that the government agreed to make concerned a reduction in Cedillo's offense level for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), where certain circumstances were satisfied. Because the plea agreement explicitly provided that the government reserved the right to make any recommendation as to the term of punishment that should be imposed, with the exception of the express

5

acceptance-of-responsibility recommendation, Cedillo could not have reasonably understood that the government agreed to recommend a three-year term of supervised release. *See Copeland*, 381 F.3d at 1105. Thus, the government did not implicitly promise to recommend a three-year term of supervised release. Accordingly, Cedillo is unable to point to a promise that the government breached, and he cannot show error, let alone plain error, with respect to his sentence.

For the foregoing reasons, we affirm Cedillo's sentence of 33 months' imprisonment and 30 years' supervised release.

**AFFIRMED.**