[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

No. 11-11133
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00210-PCF-GJK-5


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLARA ELLEN HANSEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 22, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Clara Ellen Hansen appeals her sentence of thirty months in prison followed by three years supervised release.

On April 2, 2010, Hansen entered into an agreement with the government by which she pleaded guilty to conspiracy to manufacture and to possess with the intent to manufacture marijuana plants in violation of 21 U.S.C. § 846. Under the agreement, the government committed to recommend a sentence at the low end of the applicable guideline range; a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); and a sentence without regard to the statutory minimum pursuant to the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The government also agreed to "consider whether [any cooperation by Hansen] qualifie[d] as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida" warranting a recommendation of additional downward departure under U.S.S.G. § 5K1.1. The agreement further provided that Hansen would not challenge the determination of substantial assistance by appeal or otherwise, and that she would not appeal her sentence except under four narrow circumstances: if the sentence exceeded the applicable guidelines range as determined by the sentencing court; if the sentence was in excess of the statutory maximum; if the sentence violated the Eight Amendment; or if the government appealed.

2

At the time of sentencing, the government recommended downward departures under the safety valve provision and for acceptance of responsibility. The government also recommended a low-end sentence, but did not recommend a downward departure based upon substantial assistance under § 5K1.1. The prosecutor explained that "[b]ecause of [Hansen's] role, she really wasn't in a position to assist us in the investigation or in the prosecution of others." Hansen did not ask the district court to set aside the plea agreement, nor did she request a finding of prosecutorial bad faith for failure to file the § 5K1.1 motion. Hansen's attorney filed a memorandum unrelated to the plea agreement requesting additional downward departures based upon the mitigating factors of Hansen's serious medical condition and age pursuant to 18 U.S.C. § 3553(a). The judge allowed Hansen to testify as to her serious medical condition, but refused to depart downward from the existing sentence based upon her condition or age.

Hansen appeals her sentence on two grounds. First, she argues that the plea agreement should be set aside for bad faith and unconstitutional conduct. Second, Hansen argues that the district court abused its discretion in refusing to depart downward based upon Hansen's serious medical condition. We address each argument in turn.

This Court enforces the terms of an appeal waiver if the defendant knowingly and voluntarily entered into the agreement. See United States v. Bascomb, 451 F.3d 1292, 1294–95 (11th Cir. 2006). We have found a waiver to be knowing and voluntary if "(1) the district court specifically question[s] the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance [of the waiver]." United States v. Grinhard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (quotation marks omitted). At the plea hearing, the magistrate judge explained to Hansen the terms of her plea agreement in detail and Hansen indicated that she understood them. In particular, the judge explained that Hansen was giving up her right to appeal except in the limited circumstances listed above.

In an effort to circumvent the appeal waiver, Hansen argues that this Court should set it aside, because the government breached the agreement by negotiating it in bad faith. It is true that this Court has noted that the government must fulfill any promise that induces a defendant to consent to a plea agreement. United States v. Copeland, 381 F.3d 1104, 1105 (11th Cir. 2004) (citing Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971)). And prosecutorial bad faith may be a basis for setting aside a plea agreement, but a defendant must raise the issue of prosecutorial bad faith at the sentencing hearing in order to preserve

the issue for appeal.  See United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993); United States v. Jones, 933 F.2d 1541, 1547 (11th Cir. 1991).  As Hansen acknowledges, Hansen did not attempt to raise the issue of bad faith or constitutionally impermissible motive at the sentencing hearing.

Therefore, this Court reviews the district court's proceedings for plain error.[1]  United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).  Hansen contends that it was "plain to see that the United States never had any further intention of engaging or utilizing either Miss Hansen or the information she had previously provided [because the government] already knew [at the time of the plea agreement] that Miss Hansen was at the bottom rung of the ladder in [the] conspiracy."  Furthermore, Defendant asserts that "the United States clearly knew" at the time of the plea agreement (and presumably, therefore, the district court should also have known) that Hansen would not receive a § 5K1.1 motion for substantial assistance.  This allegation, standing alone, does not amount to a "substantial threshold showing" that the government's refusal to file a substantial assistance motion was motivated by bad faith.  See United States v. McNeese, 547

---

[1]  Under the plain error standard, we will not correct an error that the defendant failed to raise in the district court unless there is "(1) error, (2) the error is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  See United States v. Langford, 647 F.3d 1309, 1326 n.11 (11th Cir. 2011); see also United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993).

5

F.3d 1307, 1308 (11th Cir. 2008) (stating that given government's discretion in such matters, courts may review "the government's refusal to file a substantial-assistance motion only if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive").

The plea agreement required only that the government "consider" whether Hansen's cooperation amounted to substantial assistance. At the plea hearing, Hansen specifically acknowledged that she was not relying on "any promises or representations whatsoever . . . except those that [were] expressly set forth in the written plea agreement." In keeping with the plain language of the agreement, defense counsel did not object to the government's refusal to file a motion for substantial assistance at the time of sentencing. Thus, the record reveals no basis for doubting the government's motives and we find no error.

Hansen's contention that the United States violated her constitutional right to due process of law under the Fifth Amendment by making "false promises" fails for the same reasons. Defendant did not argue at the sentencing hearing that the United States had deprived her of due process. Indeed, Hansen's low-level role and the sequence of arrests belie her argument that the government's decision to withhold a § 5K1.1 downward motion for substantial assistance was arbitrary or motivated by racial or religious bias. See Wade v. United States, 504 U.S. 181,

186 112 S. Ct. 1840, 1844 (1992) (noting possible constitutional limitations on prosecutorial discretion). Therefore, the district court committed no error by denying relief on this ground.

Hansen's second assertion—that the district court abused its discretion in refusing to depart downward based upon Hansen's physical condition—meets none of the four exceptions noted in the plea agreement and is therefore barred by her appeal waiver. In any event, this Court does not review "each individual decision made [by a district court] during the sentencing process" to depart pursuant to the sentencing guidelines. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Instead, we review a district court's sentencing decision only to ensure that the court considered proper sentencing factors and reasonably weighed those factors under 18 U.S.C. § 3553(a). See United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010). After granting Hansen an opportunity to testify as to her serious medical condition, the district court found that no downward departure was warranted. For these reasons, the judgment of the sentencing court is **AFFIRMED.**