[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14951
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cr-60286-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL JOSEPH TOUIZER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2020)

Before WILLIAM PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Daniel Touizer appeals his conviction and sentence of 68 months of imprisonment following his plea of guilty to conspiring to commit mail and wire fraud in a fraudulent investment scheme. 18 U.S.C. § 1349. Touizer argues, for the first time, that his plea of guilty was entered unknowingly and involuntarily and lacks a factual basis. Touizer also challenges the enhancement of his sentence for the amount of loss and his restitution and forfeiture orders despite his sentence appeal waiver because, he contends, the government breached its plea agreement. Touizer also contends that the district court lacked jurisdiction to enter its final order of forfeiture three months after sentencing him. We affirm.

Two standards of review govern this appeal. First, because Touizer failed to move to withdraw his plea of guilty as unknowing or involuntary, to argue that his plea lacked a factual basis, or to assert that the government breached the plea agreement, we review those issues for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (validity of guilty plea); *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002) (breach of plea agreement). Under that standard, Touizer must prove that error occurred that was plain and affected his substantial rights. *Id.* Second, we review *de novo* whether Touizer waived his right to appeal his sentence, *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993), and whether the district court had jurisdiction to enter its final order of restitution, *see United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

2

The district court did not plainly err by accepting Touizer's plea of guilty as made knowingly and voluntarily. Touizer argues that he was fraudulently induced to plead guilty based on statements from a prosecutor and a forensic accountant concerning how much Touizer misappropriated from victims' investments in Protectim. But the statements were made during detention proceedings held more than a month before Touizer's indictment and would not have influenced him to plead guilty to misappropriating victims' investments in Omni Guard, LLC, Infinity Diamonds, LLC, Covida Holdings, LLC, Wheat Capital Management, LLC, and Wheat Self-Storage Partners I, II, and III. Indeed, Touizer stated in his written plea agreement that "nobody forced, threatened, or coerced him to plead guilty" and that "[t]here are no other agreements, promises, representations, or understandings" that influenced his decision to plead guilty. Touizer also argues he pleaded guilty without full knowledge of the government's evidence of his "financial misdeeds," but during the plea colloquy, Touizer verified he had received and reviewed with counsel "all the discovery in this case," including forensic and investigative reports, financial documents, and potential witnesses. We presume that Touizer's statements were true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). If Touizer made "strategic miscalculations concerning the evidentiary strength of the government's case," his error "did not impugn the truth or reliability of his plea" because his plea agreement and

3

statements during his change of plea hearing establish that he made an informed and intelligent decision to plead guilty. *See United States v. Brown*, 117 F.3d 471, 476 (11th Cir. 1997). The record supports the finding of the district court that Touizer understood the case against him before he pleaded guilty.

The district court also did not plainly err in finding that a factual basis supported Touizer's plea of guilty. To convict, the government had to prove that Touizer agreed to participate in a scheme to misrepresent, omit, or conceal facts material to his investors using the mail and interstate wires. *See United States v. Feldman*, 931 F.3d 1245, 1257–58 (11th Cir. 2019); *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009). Touizer admitted in his factual proffer and during his change of plea hearing that, between 2010 and 2017, he conspired with Saul Suster, John Reech, and others to swindle "millions" from people whom he and his coconspirators duped into buying stock in Touizer's companies. Touizer proffered that he provided Suster and Reech lists of potential investors whom they contacted by telephone, that Suster recruited investors by posing as a successful investor, that Suster and Touizer lied to potential investors about the use of investment assets, and that Touizer would "close the deal" with most victims. Touizer also proffered that he used victims' money, which he obtained by wire transfers or in the mail, to pay himself and his coconspirators "undisclosed

4

commissions and fees," to pay dividends to new investors "[t]o create the illusion of success," and to "fund[] the startup of [another] investment company."

Touizer's sentence appeal waiver bars his challenges to his sentence enhancement for the amount of loss and to his restitution and forfeiture orders. Touizer's plea agreement provided that he "waive[d] all rights conferred . . . to appeal any sentence imposed, including any restitution order, forfeiture order or to appeal the manner in which the sentence was imposed" subject to the following three exceptions: the sentence exceeded the applicable guidelines range calculated by the Court; the sentence exceeded the maximum statutory penalty; or the government appealed the sentence. During his change of plea hearing, Touizer acknowledged that he had read and understood "every word" of the agreement, including the sentence appeal waiver, and that no one had coerced or enticed him to agree to the waiver. Because the record establishes that Touizer knowingly and voluntarily waived his right to appeal his sentence, see *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016), he cannot appeal the aspects of his sentence barred by that waiver. That the district court told Touizer that he had a right to appeal is of no moment because a "waiver [that] is enforceable" "cannot be vitiated or altered by comments the court makes during sentencing." *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).

5

Touizer argues that he is not bound by the appeal waiver because the government breached its plea agreement, but he fails to establish any error, much less plain error, with respect to the actions of the government. We interpret a plea agreement using "an objective standard . . . [to ensure that] the government's actions are []consistent with what the defendant reasonably understood when he entered his guilty plea" and "the background of [their] negotiations." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (internal quotation marks omitted). The record refutes Touizer's argument that the government failed to "resolve in good faith [the question of loss] prior to the sentencing hearing." The government complied with its agreement to "resolve [the] adjustment" for "the loss level increase under [section] 2B1.1(b)(1)" of the Sentencing Guidelines by stipulating to a loss amount between $3.5 million and $9.5 million before sentencing. The government requested an order of forfeiture consistent with Touizer's agreement to forfeit five pieces of real property and twelve items of personal property and "to the entry of a money forfeiture judgment . . . equal in value to the property . . . which constitutes or was derived from proceeds traceable to [his] offense . . . ." And the government acted in good faith when requesting restitution commensurate with the stipulated loss amount. Touizer admitted in his factual proffer that his "scheme to defraud . . . raised millions" of dollars. And at sentencing, he withdrew his objection to the fact in his presentence investigation

6

report that his scheme involved more than $19 million. *See United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019).

Touizer's sentence appeal waiver does not bar his argument that the district court lacked jurisdiction to enter its final order of forfeiture, but his argument lacks merit. The district court complied with Federal Rule of Civil Procedure 32.2 by entering a final order of forfeiture as soon as practicable. Touizer was subject to forfeiture as part of his sentence because his indictment provided notice of a forfeiture and he agreed to a forfeiture judgment in his plea agreement. *See* Fed. R. Crim. P. 32.2(a). The district court, in accordance with Rule 32.2, entered a preliminary order of forfeiture before sentencing because the parties had not agreed to the final terms of forfeiture. *See id.* 32.2(b)(1). And because Touizer agreed at sentencing to postpone determining the amount of restitution, the district court "enter[ed] a forfeiture order that state[d] [it] w[ould] be amended under Rule 32.2(e)(1) when . . . the amount of the money judgment has been calculated." *Id.* 32.2(b)(2)(C)(iii). Based on Touizer's knowledge that he was subject to forfeiture, his consent to prolonging its calculation, and the adherence of the district court to the procedures established in Rule 32.2, the final order of forfeiture entered after sentencing constituted a valid amendment to the judgment, which it had retained authority to enter.

We **AFFIRM** Touizer's conviction and sentence.

7